IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| RAYMOND JOSEPH VIGIL,<br><br>　　　　　Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　Respondent. | ORDER AND<br><br>MEMORANDUM DECISION<br><br>DENYING § 2255 PETITION<br><br>Civil Case No. 2:07-CV-853-TC<br><br>Criminal Case No. 2:05-CR-635-TC-1 |

On November 2, 2007, federal prisoner Raymond Joseph Vigil filed a *pro se* Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody, pursuant to 28 U.S.C. § 2255. He seeks a court order modifying the sentence he received after pleading guilty in United States v. Vigil, Case No. 2:05-CR-635 (D. Utah).[1]

In his Motion, Mr. Vigil challenges his sentence of 70 months incarceration. He contends that the court erred in the use of sentencing guidelines and by not crediting 11 months of time served. Because Mr. Vigil waived his right to collaterally attack his sentence under § 2255, his Motion is DENIED.

**ANALYSIS**

On March 20, 2006, Mr. Vigil pleaded guilty in Case No. 2:05-CR-635 to the charge of bank robbery in violation of 18 U.S.C. § 2113(a) (as alleged in Count 1 of the Indictment). In his

---

[1] The court finds that a hearing would not materially assist the determination in this matter.

Statement in Advance of Plea of Guilty, Mr. Vigil agreed to the following:

> I also knowingly, voluntarily and expressly waive my right to challenge my sentence, and the manner in which the sentence is determined, in any collateral review motion, writ or other procedure, including but not limited to a motion brought under Title 28, United States Code, Section 2255.

(Statement by Def. in Advance of Plea of Guilty (Dkt # 38 in 2:05-CR-635) at 3.)

Such a waiver is enforceable as a matter of law. See, e.g., United States v. Cockerham, 237 F.3d 1179, 1181-83 (10th Cir. 2001) (holding that express waiver of § 2255 rights in plea agreement is enforceable when petitioner is challenging the sentence and the plea and waiver were knowingly and voluntarily made); United States v. Clingman, 288 F.3d 1183, 1186 (10th Cir. 2002) (holding that right to § 2255 collateral attack only survives waiver if petitioner claims ineffective assistance of counsel with respect to plea agreement).

The court finds that Mr. Vigil's waiver is valid because the evidence shows that he voluntarily, knowingly and intelligently entered into the plea agreement with the United States. (See, e.g., Statement in Advance at 5-6 (containing Mr. Vigil's representations supporting finding that he knowingly and voluntarily entered into plea agreement)).

Further, the exception to the waiver rule does not apply here, because Mr. Vigil does not attack the validity of his plea agreement, the proceedings leading up to entry of his guilty plea, or the waiver in his Statement in Advance of Plea of Guilty. See Clingman, 288 F.3d at 1186 (exception to waiver applies if petitioner claims ineffective assistance of counsel with respect to plea agreement).

Instead, he challenges the court's application of the sentencing guidelines when the court

sentenced him on August 3, 2006 to 70 months.[2]  But in his plea agreement, he expressly waived the right to bring such a challenge.  Accordingly, he is not entitled to the relief sought in his § 2255 Motion.

## ORDER

For the foregoing reasons, Raymond Joseph Vigil's § 2255 Motion is DENIED.

DATED this 21st day of May, 2008.

BY THE COURT:

*[signature: Tena Campbell]*

TENA CAMPBELL
Chief Judge

---

[2] A violator of 18 U.S.C. § 2113(a) may be "imprisoned not more than twenty years . . . ."  The 70 months was a downward departure.  The recommended sentence for Mr. Vigil was 151 months within the guideline provision of 151 to 188 months.  (Presentence Report.)